

# SUPREME COURT OF ARKANSAS

No. CR–12–487

| | |
|---|---|
| ROY SMITH<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** March 20, 2014<br><br>APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT [NO. CR2007-54]<br><br>HONORABLE DAVID G. HENRY, JUDGE<br><br><u>REBRIEFING ORDERED.</u> |

## PER CURIAM

Appellant, Roy Smith, appeals from the circuit court's order denying his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011). On appeal, Smith contends that the circuit court erred in finding that his trial counsel did not render ineffective assistance of counsel based on trial counsel's (1) refusal to strike a juror, (2) failure to properly move for a continuance, and (3) failure to challenge the execution of the search warrant. However, we are unable to reach the merits of Smith's appeal because his brief does not comply with Arkansas Supreme Court Rules 4–2(a)(5) and (8) (2013).

Pursuant to Arkansas Supreme Court Rule 4–2(a)(5), "the appellant shall create an abstract of the material parts of all the transcripts (stenographically reported material) in the record. Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal."

In the case at bar, Smith asserts error with regard to his trial counsel's refusal to strike

a juror. However, Smith did not provide any abstract of the relevant voir dire appearing in the original trial transcript. Likewise, Smith argues that his trial counsel was ineffective for failing to file a proper motion for continuance. However, Smith does not include any abstract of the relevant portions of the original trial transcript related to the motion for continuance. Also, Smith failed to abstract the suppression hearing but argues that his counsel was ineffective with regard to the search warrant.

Additionally, the addendum in this case is incomplete. Arkansas Supreme Court Rule 4–2(a)(8) provides that the addendum shall contain true and legible copies of the non-transcript documents in the record on appeal that are essential for this court "to confirm its jurisdiction, to understand the case, and to decide the issues on appeal." Among other specifically described items, the addendum must include "all motions (including posttrial and postjudgment motions), responses, replies, exhibits, and related briefs, concerning the order, judgment, or ruling challenged on appeal." Ark. Sup. Ct. R. 4–2(a)(8)(A). Here, Smith failed to include a copy of the warrant or the motion to suppress in the addendum.

Accordingly, pursuant to Ark. Sup. Ct. R. 4–2(b)(3), Smith is directed to file a substituted abstract, addendum and brief with our clerk within fifteen days from the date of this per curiam. After service of the substituted brief, the State shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely upon the brief that was previously filed in this appeal.

While we have noted the above-mentioned deficiencies, we encourage Smith's counsel to review our rules and the entire record to ensure that no additional deficiencies are

present.

Rebriefing ordered.

*Ronald L. Davis, Jr. Law Firm, PLLC*, by: *Ronald L. Davis, Jr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.